FILED

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

06 MAR 27 AM 11: 21

**CAROL HALL,**                    }

     **Plaintiff,**              }

U.S. DISTRICT COURT
N.D. OF ALABAMA

                          }

**v.**                             }                    **CASE NO. CV 98-B-2610-S**

                          }

**FRANKLIN L. HANEY, d/b/a**       }
**Franklin Haney Company,**        }

**ENTERED**

     **Defendant.**              }

MAR 2 7 2000

### MEMORANDUM OPINION

Currently before the court is the Motion of Franklin L. Haney Company for Summary

Judgment, filed on May 5, 1999. Plaintiff Carol Hall ("plaintiff" or "Hall") filed this action in

the Circuit Court of Jefferson County, Alabama, alleging negligence and wantonness on the part

of defendant Franklin L. Haney Company ("defendant" or "Haney"). Defendant filed a notice of

removal on the grounds of diversity jurisdiction, 28 U.S.C. § 1441(a), and the case was removed

to this court. Upon consideration of the evidence, the submissions of the parties, the argument of

counsel, and the relevant law, the court is of the opinion that defendant's Motion is due to be

granted.

### I. UNDISPUTED FACTS

During all times relevant to this action, plaintiff was an employee of the Social Security

Administration ("SSA"), employed at the SSA offices located at 2001 12th Avenue North,

Birmingham, Alabama ("the building"). On September 28, 1996, plaintiff slipped on rain water

on the lobby floor of the building, sustaining serious injuries to her neck.

//

The owner of the building, Birmingham Downtown Redevelopment Authority, leases the building to defendant Haney, a sole proprietorship with its principal place of business in Tennessee. Haney leases the building to the General Services Administration ("GSA"), a federal government entity, which in turn leases the building to the SSA, plaintiff's employer.

Plaintiff testified in her deposition that on the day of the accident it was raining "pretty hard." She entered the building at approximately 6:55 a.m., walked across a mat in front of the door, then slipped as she stepped off the mat. She did not see any puddle of water prior to slipping. After she fell, she noticed that her pants leg was wet. She testified that after she fell, she did not notice if there was still some water on the floor or if it was all absorbed into her pants.

Plaintiff further testified that she had previously seen water tracked into buildings near doorways when it rained. She also stated that she knew that water could be tracked into buildings when it rained. Finally, she testified that she was not looking for water as she entered the building on the morning she slipped.

## II. DISCUSSION

### A.    Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper if the pleadings and evidence indicate that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment bears the initial burden of showing that no genuine issues exist. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Once the moving party

has met his burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and show that there is a genuine issue for trial. *See Celotex*, 477 U.S. at 324. A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In deciding a motion for summary judgment, the judge's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. Credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are left to the jury, and therefore the evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor. *See id.* at 255. Nevertheless, the nonmovant need not be given the benefit of every inference but only of every *reasonable* inference. *See Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

**B.     Open and Obvious Defect**

Defendant moves for summary judgment on the grounds that Haney owes no legal duty to protect plaintiff from ordinary and expected hazards. Both parties agree that plaintiff was an invitee. "The duty owed to an invitee is limited to hidden defects which are not known to the invitee and would not be discovered by him in the exercise of ordinary care." *Ex Parte Mountain Top Indoor Flea Market*, 699 So. 2d 158, 161 (Ala. 1997). There is "no duty to warn an invitee of open and obvious defects in the premises which the invitee is aware of, or should be aware of, in the exercise of reasonable care on the invitee's part." *Id.*

In an analysis of cases similar to the one at bar, the Alabama Supreme Court has stated:

> where the foreign substance is rain water tracked in by customers and in the absence of unusual accumulations, due care does not require that a storekeeper keep the floor completely free of water.

3

> When it rains, surfaces naturally become more slippery than usual,
> – a fact with which a customer is sufficiently familiar. To require a
> storekeeper to keep a floor completely dry during a rainstorm or to
> hold him responsible for every slick place due to tracked-in rain
> water would impose an unreasonable standard of care and would,
> in effect, make him an insurer of the customer's safety.

*Terrell v. Warehouse Groceries*, 364 So. 2d 675, 677 (Ala. 1978). Thus, where the water is

tracked in, there are no large puddles or unusual accumulations, and the defendant has taken

ordinary precautionary measures such as placing mats on the floor or installing an awning,

judgment as matter of law is due. *Id.* at 677-78; *cf. Boyd v. Wal-Mart Stores, Inc.*, 710 So. 2d

1258, 1259-60 (Ala. 1997) (reversing summary judgment where plaintiff testified that he saw "a

lot of water" on the floor and defendant had provided no mats); *Strahsburg v. Winn-Dixie*

*Montgomery, Inc.*, 601 So. 2d 916, 919 (Ala. 1992) (reversing directed verdict where plaintiff

testified that there was "a lot of water on the floor").

In this case, plaintiff testified that the water appeared to be tracked in, that she never saw

any large puddles or accumulations,[1] that defendant had placed a mat in front of the door, and

that she was aware that the floor could be slippery on a rainy day. Given these facts and

circumstances, the court is of the opinion that defendant owed no legal duty to plaintiff to protect

her against an obvious defect of which she should have been aware, and plaintiff's claims of

negligence and wantonness are due to be dismissed as a matter of law.[2]

---

[1] Plaintiff claims that she slipped on a puddle of water, but testified in her deposition that she never actually saw a puddle, either before or after she fell.

[2] Because the court finds that summary judgment is due on these grounds, there is no reason to address defendant's other arguments.

4

## III. CONCLUSION

Based on the foregoing, the court is of the opinion that the Motion for Summary

Judgment filed by defendant is due to be granted. An Order in accordance with this

Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this   27th   day of March, 2000.

**SHARON LOVELACE BLACKBURN**
United States District Judge

5